## THE STATE ON THE RELATION OF THE UNIVERSAL CHURCH *v.* THE TRUSTEES OF SECTION 29, T. 5.

Mandamus—rule—alternative mandamus—religious society—ministerial section 29—faith—proceeding against a corporation—individual corporators.

Cause against a rule for a mandamus upon several trustees of one fund may be shown by a less number than the whole.

Cases may arise where from the particular circumstances, counter affidavits will be received, either on the original application for a rule, or against the cause shown.

A deficiency in the application for a rule in setting forth the claim of the relator, if supplied in the cause shown, will be regarded.

Any religious society appointing an agent, who applies to the trustees of the ministerial section with a list of members specifying them to be citizens of the township is entitled to a just proportion of the proceeds of the section.

If the cause shown for refusing is that the list furnished is fraudulent, the fraud must be proved, and the court will not try that question summarily before writ.

The trustees have no right to sit in judgment on *the faith* of a religious society, and hence determine its right to distribution, if incorporated as a religious society, its faith cannot be questioned.

An alternative mandamus will issue in a probable case, and the parties can litigate as to their respective rights, on issues to be made under the writ.

[The State on the relation of the Universal Church *v.* the Trustees of Sec. 29, T. 5.]

Cause shown under a rule for a writ is not a return to the writ.
Upon a writ directed to a corporation, if it disobey, proceedings will be had against the indi-
     vidual officers.

RULE to show cause why a mandamus should not issue compel-
ling the trustees to distribute to the Universal Church, a proportion
of the proceeds of the religious section 29, in township 6.   Two
of the trustees now appear and show cause.

This was objected to, and leave asked to controvert the cause by
counter affidavits.   A motion was also made for a mandamus.

*Fox,* for the relator, cited 16 *John. R.* 63; 4 *Burrow* 2045; 5
*T. R.* 66; 5 *Com. Dig.* 46 *D.* 2; 2 *T. R.* 456; 6 *T. R.* 490; *Cowp.*
413; *Doug.* 159; 8 *T. R.* 352; 1 *John. Ca.* 68; 2 *Eap. Dig.* 313,
323; *B. N. P.* 200; 2 *Bur. R.* 731; 1 *John. R.* 64; 19 *John. R.*
260; 1 *Cranch* 137; 5 *Cranch R.* 116; 2 *Salk. R.* 431; 2 *O. R.*
108; 4 *O. R.* 351.

*Spencer,* contra, 4 *Bac. Ab. Tit. Mandamus.*

WRIGHT, J.   The objection to the receipt of the cause shown,
because only signed by two of the three trustees, will not avail the
objectors.   The proceeding is against the corporation managed
by three trustees—two, the majority, are competent to transact
business.

As to the application for leave to file counter affidavits in opposi-
tion to the cause shown.   In our opinion, cases may arise in prac-
tice where it would be proper to receive *counter affidavits.*   Is this
a case, when in the exercise of a sound discretion, the court should
receive them?   The affidavit on which the rule was granted, describ-
ed the relators to be a religious society, which meets for religious
purposes in T. 5, and is entitled to a dividend of the proceeds of
religious section 29, in said township, for the year 1833, 4—that
demands have been made on the trustees for the dividends, and re-
fused, &c.   They now show cause as follows:

1. That they know no such society composed of the citizens of
the township as the Universal church, legally organized, &c. entitled
to dividends.

2. That in January, 1833, one Conant, and in January, 1834, one
Broadwell, claiming to be agents of the Universal church, present-
ed to the trustees a paper purporting to contain a list of the names
of the members of said society, and demanded contribution of the
dividends, which *list was fraudulent,* because composed of forty or
fifty individuals, which *were not,* and *did not claim to be members of
that* or of any other religious society; but the trustees offered to
pay, if the agents would furnish an accurate list of the members,
which has never been done.

The law for distributing the proceeds of 29, requires every denomination of religious society, to appoint an agent to produce to the trustees in order to receive a dividend, a certified list of the members of such society, specifying that they are citizens of the township; and allows each society to enrol as members the names of all males belonging to it above fifteen years of age. It also requires the trustees of 29 to meet on the 1st Monday of January, near the centre of the township and divide the proceeds of section 29, giving to each religious society that has furnished such list, a *just proportion* thereof.

The affidavit of the relator alone, might not have authorized the issue of a writ of mandamus, because it does not allege that the list of members was furnished; but the cause-shown, supplies the omission in that respect, by showing that lists were presented, and that the distribution was refused because the trustees judged them *fraudulent*, as containing the names of persons whom they say do not belong to that or any other religious society. Fraud is never presumed, the burthen of proving its existence rests upon the party alleging it. We have no proof—nor should we try such a question in this summary way, if we had.

It appears then, that a society has been formed, which the general assembly has incorporated as a religious church—that the lists of members have been made out and presented to the trustees of the ministerial lands, and a dividend of the proceeds claimed under the law, which the trustees refuse to allow them, because *some of the members, in their judgment, do not belong* to that or *any* other religious society. We do not think these trustees clothed with power to sit in judgment, and determine without evidence on view, upon *the faith* of members of societies ostensibly religious, and say whether their tenets are *religious* or not. If such a power is confided to the trustees, we should soon arrive at the point of settling every one not religious, whose doctrine or faith differed from that of a majority of the trustees; and the *standard of religion* would change with every election, according to the success of particular denominations.

The case made shows an apparent legal right in the relator to distribution. As we understand the law, the right shown entitles the relator to an alternative mandamus, which opens the door for trying and settling the right. Although, therefore, we should have been better satisfied if the affidavits for the rule had been drawn with a more particular regard to the provisions of the statute, yet we think the relator entitled to an alternative writ. The counter

[Armstrong, et al. v. Miller.]

affidavits in this view would effect nothing, and the leave to file them is refused.

The objections argued, as to the conclusive character of *the return*, do not apply to this case, in its present aspect. The cause shown under the *rule* is not a *return* to a mandamus in legal contemplation. That question may hereafter arise, when a return is made, and if so, it will be time enough to consider it.

A mandamus nisi is awarded against the trustees, returnable on Friday next. If the corporation disobey, process may issue to compel a compliance by the individual officers.

Upon the return of the mandamus nisi, several pleas were put in —to some of which issues were taken, and to others a demurrer was filed. The whole were reserved to the Court in Bank: see 6 *O. R.* 445.